**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| IVAN SPEIGHTS, | |
| Plaintiff, | Civil Action No:_ **6:24-CV-00073** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and NATIONSTAR MORTGAGE, LLC, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES**,** Plaintiff IVAN SPEIGHTS ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), Defendant TRANS UNION, LLC ("Transunion"), and Defendant NATIONSTAR MORTGAGE, LLC ("Nationstar"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

**PREMLIMINARY STATEMENT**

1.    This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3.    Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28

U.S.C. § 1391b(3) because the events giving rise to this claim originated in this district.

4.     Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

### Plaintiff Ivan Speights

5.     Plaintiff is a resident of Bell County, Texas, which is located in this district.

6.     At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c).

### Defendant Experian Information Solutions, Inc.

7.     Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.     At all times material hereto, Defendant Experian, is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

9.     At all times material hereto, Defendant Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

### Defendant Equifax Information Services, LLC

10.     Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. §

1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.    At all times material hereto, Defendant Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

12.    At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Trans Union, LLC**

13.    Defendant Transunion is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion may be served with process upon THE PRENTICE-HALL CORPORATION SYSTEM, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

14.    At all times material hereto, Defendant Transunion is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

15.    At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Nationstar Mortgage, LLC**

16.    Defendant Nationstar is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts

substantial and regular business activities in this judicial district. Nationstar may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

17.    At all times material hereto, Defendant Nationstar routinely furnished information concerning consumers and their credit history to Consumer Reporting Agencies for the purpose of publishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d).

<u>**FACTUAL ALLEGATIONS**</u>

<u>**Background**</u>

18.    In November 2021, Nationstar started servicing a residential mortgage (the "Mortgage") for Plaintiff.

19.    At some time around November 2021, Nationstar started furnishing the Mortgage to Defendants Experian, Equifax, and Transunion.

20.    Around the same time in November 2021, Defendants Experian, Equifax, and Transunion started publishing the Mortgage on Plaintiff's consumer reports.

21.    Defendant Nationstar furnished false and erroneous payment history, payment rating, and account status for the Mortgage to Defendants Experian, Equifax, and Transunion. Specifically, furnishing to the co-defendants that the Mortgage was past due 60 days for June, July, and August 2022.

22.    Defendants Experian, Equifax, and Transunion falsely and erroneously published a false payment history, payment rating, and account status on Plaintiff's consumer reports.

23.    The Defendants furnished or published false payment history, payment rating, and account status on Plaintiff's consumer reports relating to the Mortgage because Plaintiff was not ever 60-days past due on the Mortgage payments for June, July, or August 2022.

**Defendant Nationstar's violation of 1681s-2(b):**

24.    In September 2022, Plaintiff obtained a copy of his consumer reports published by Defendants Experian, Equifax, and Transunion and discovered that Defendant Nationstar had falsely or erroneously reported the Mortgage as 60 days past due in June, July, and August 2022.

**First Dispute**

25.    In September 2022, Plaintiff submitted disputes with Experian regarding the Mortgage's false and erroneous payment history, payment rating, and account status on Plaintiff's consumer reports. In his dispute, Plaintiff included proof of the error and his identifying documents.

26.    It is averred that the Experian forwarded Plaintiff's dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant Nationstar.

27.    Despite Defendant Nationstar receiving the dispute, ACDVs, and accompanying documents, Defendant Nationstar conducted a superficial investigation and reported back to the consumer reporting agencies that the information pertaining to the Mortgage's payment history, payment rating, and account status was "accurate" and should remain unchanged on Plaintiff's consumer reports.

28.    Defendant Nationstar did not evaluate or review the documents which were included with Plaintiff's disputes, ACDVs, and accompanying documents.

29.    Defendant Nationstar negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with Plaintiff's disputes.

30.    Defendant Nationstar did not correct or delete the inaccurate or erroneous information relating to the Mortgage but continued to report false and erroneous information to the consumer reporting agencies.

**Second Dispute**

31.    In December 2023, Plaintiff submitted disputes with the consumer reporting agencies with regard to the false and erroneous payment history, payment rating, and account status on Plaintiff's consumer reports. In his dispute, Plaintiff included proof of the error and his identifying documents.

32.    It is averred that the consumer reporting agencies forwarded Plaintiff's disputes and an Automated Consumer Dispute Verification form ("ACDV") to Defendant Nationstar.

33.    Despite Defendant Nationstar receiving the disputes, ACDVs, and accompanying documents, Defendant Nationstar conducted a superficial investigation and reported back to the consumer reporting agencies that the information pertaining to the Mortgage's payment history, payment rating, and account status was "accurate" and should remain unchanged on Plaintiff's consumer reports.

34.    Defendant Nationstar did not evaluate or review the documents which were included with Plaintiff's disputes, ACDVs, and accompanying documents.

35.    Defendant Nationstar negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with Plaintiff's disputes.

36.    Defendant Nationstar did not correct or delete the inaccurate or erroneous information relating to the Mortgage but continued to report false and erroneous information to the consumer reporting agencies.

37.    As a result of the inaccurate information remaining on Plaintiff's consumer reports relating to the Mortgage, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant Nationstar's erroneous reporting for up to 7 years.

38.    Due to Defendant Nationstar's negligent or willful failure to conduct a reasonable investigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

39.    For these reasons, Defendant Nationstar willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b).

**Defendant Experian's violation of 1681i:**

40.    Defendant Experian falsely and erroneously published the Mortgage's payment history as 60 days past due in June, July, and August 2022.

41.    Plaintiff's consumer report published by Defendant Experian falsely indicated that Plaintiff was not current on his payments, which severely affected Plaintiff's creditworthiness and reputation.

**First Dispute**

42.    In September 2022, Plaintiff disputed the Mortgage's payment history, payment rating, and account status with Defendant Experian, detailing the inaccuracies and attaching supporting documents which included proof of payment and his identifying documents.

43.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Nationstar or review the supplied documentation provided by Plaintiff.

44.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Mortgage without checking the validity of Plaintiff's dispute.

45.    It is averred that Defendant Experian did nothing more than parrot information from Defendant Nationstar.

46.    In September 2022, Defendant Experian sent Plaintiff a cursory response stating that the

disputed payment history of the Mortgage was verified and would remain on Plaintiff's consumer report.

47.     Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

48.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

**Second Dispute**

49.     In December 2023, Plaintiff disputed the Mortgage's payment history, payment rating, and account status with Defendant Experian, detailing the inaccuracies and attaching supporting documents which included proof of payment and his identifying documents.

50.     Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Nationstar or review the supplied documentation provided by Plaintiff.

51.     Instead, Defendant Experian relied solely on an automated system that verified the existence of the Mortgage without checking the validity of Plaintiff's dispute.

52.     It is averred that Defendant Experian did nothing more than parrot information from Defendant Nationstar.

53.     On January 3, 2024, Defendant Experian sent Plaintiff a cursory response stating that the disputed payment history of the Mortgage was verified and would remain on Plaintiff's consumer report.

54.     Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

55.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

56.    To this date, Defendant Experian continues to publish false and erroneous information relating to the Mortgage's payment history on Plaintiff's Experian consumer reports.

57.    Defendant Experian failed to promptly correct the information relating to the Mortgage's payment history.

58.    The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

59.    Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

60.    Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b):**

61.    Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Mortgage's payment history, payment rating, and account status.

62.    Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving a dispute from the Plaintiff relating to his consumer report and Mortgage.

63.    Defendant Experian failed to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users.

64.    The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

65.    Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

66.    Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Equifax's violation of 1681i:**

67.    Defendant Equifax falsely and erroneously published the Mortgage's payment history as 60 days past due in June, July, and August 2022.

68.    Plaintiff's consumer report published by Defendant Equifax falsely indicated that Plaintiff was not current on his payments, which severely affected Plaintiff's creditworthiness and reputation.

69.    In December 2023, Plaintiff disputed the Mortgage's payment history, payment rating, and account status with Defendant Equifax, detailing the inaccuracies and attaching supporting documents which included proof of payment and his identifying documents.

70.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Nationstar or review the supplied documentation provided by Plaintiff.

71.    Instead, Defendant Equifax relied solely on an automated system that verified the existence of the Mortgage without checking the validity of Plaintiff's dispute.

72.    It is averred that Defendant Equifax did nothing more than parrot information from

Defendant Nationstar.

73.    On December 21, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the disputed payment history of the Mortgage was verified and would remain on Plaintiff's consumer report.

74.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

75.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

76.    To this date, Defendant Equifax continues to publish false and erroneous information relating to the Mortgage's payment history on Plaintiff's Equifax consumer reports.

77.    Defendant Equifax failed to promptly correct the information relating to the Mortgage's payment history.

78.    The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

79.    Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

80.    Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax's violation of 1681e(b):**

81.    Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in

the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Mortgage's payment history, payment rating, and account status.

82.    Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving a dispute from the Plaintiff relating to his consumer report and Mortgage.

83.    Defendant Equifax failed to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users.

84.    The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

85.    Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

86.    Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violation of 1681i:**

87.    Defendant Transunion falsely and erroneously published the Mortgage's payment history as 60 days past due in June, July, and August 2022.

88.    Plaintiff's consumer report published by Defendant Transunion falsely indicated that Plaintiff was not current on his payments, which severely affected Plaintiff's creditworthiness and reputation.

89.    In December 2023, Plaintiff disputed the Mortgage's payment history, payment rating, and account status with Defendant Transunion, detailing the inaccuracies and attaching supporting documents which included proof of payment and his identifying documents.

90.    Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Nationstar or review the supplied documentation provided by Plaintiff.

91.    Instead, Defendant Transunion relied solely on an automated system that verified the existence of the Mortgage without checking the validity of Plaintiff's dispute.

92.    It is averred that Defendant Transunion did nothing more than parrot information from Defendant Nationstar.

93.    On January 4, 2024, Defendant Transunion sent Plaintiff a cursory response stating that the disputed payment history of the Mortgage was verified and would remain on Plaintiff's consumer report.

94.    Defendant Transunion did not provide a summary of the investigation or any substantiating documentation.

95.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

96.    To this date, Defendant Transunion continues to publish false and erroneous information relating to the Mortgage's payment history on Plaintiff's Transunion consumer reports.

97.    Defendant Transunion failed to promptly correct the information relating to the Mortgage's payment history.

98.    The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

99.    Due to Defendant Transunion's negligent or willful failure to conduct a reasonable

reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

100.    Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion's violation of 1681e(b):**

101.    Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Mortgage's payment history, payment rating, and account status.

102.    Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving a dispute from the Plaintiff relating to his consumer report and Mortgage.

103.    Defendant Transunion failed to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer reports and later published the report to users.

104.    The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

105.    Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

106.    Defendant Transunion willfully or negligently failed to comply with its obligations under

15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681s-2(b) as to Defendant Nationstar**

107.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as

though fully stated herein with the same force and effect as if the same were set forth at length

herein.

108.    This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

109.    Pursuant to the FCRA, all persons who furnished information to consumer reporting

agencies must participate in reinvestigations conducted by the agencies when consumers dispute

the accuracy and completeness of information contained in a consumer report.

110.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer

reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff.

The furnisher must then conduct a timely investigation of the disputed information and review all

relevant information provided by the agency.

111.    The results of the investigation by the person must be reported to consumer reporting

agencies, and, if the investigation reveals that the original information is incomplete, or

inaccurate, the furnisher must report the results to other agencies which were supplied such

information.

112.    Defendant Nationstar negligently violated 15 U.S.C. § 1681s-2(b) by the publishing of

inaccurate credit information to a credit reporting agency; by failing to fully and properly

investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to

correctly report results of an accurate investigation to the credit reporting agencies.

113.    Specifically, Defendant Nationstar continued to falsely and erroneously furnish the

Mortgage's payment history as 60 days past due in June, July, and August 2022 when Plaintiff was timely in making his payments to the Mortgage.

114.    As a result of the conduct, action, and inaction of Defendant Nationstar, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

115.    The conduct, action, and inaction of Defendant Nationstar was negligent, rendering Nationstar liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

116.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Nationstar in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681s-2(b) as to Defendant Nationstar**

117.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

118.    This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

119.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

120.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

121.    The results of the investigation by the person must be reported to consumer reporting

agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

122.    Defendant Nationstar willfully violated 15 U.S.C. § 1681s-2(b) by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendants Transunion and Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

123.     Specifically, Defendant Nationstar continued to falsely and erroneously furnish the Mortgage's payment history as 60 days past due in June, July, and August 2022 when Plaintiff was timely in making his payments to the Mortgage.

124.    As a result of the conduct, action, and inaction of Defendant Nationstar, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

125.    The conduct, action, and inaction of Defendant Nationstar was willful, rendering Nationstar liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

126.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Nationstar in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Experian

127.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

128.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. §

1681 *et seq.*

129.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

130.    Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   h.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

131.   As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

132.   The conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o)

133.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

134.   **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### FOURTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

135.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

136.   This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

137.   Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

138.   Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

139.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

140.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

141.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

142.    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Experian

143.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

144.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

145.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

146.    Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to  comply with the FCRA includes but is not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after  a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the

Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

147.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

148.    The conduct, action, and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

149.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

150.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

151.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

152.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

153.    Defendant Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA includes but is not necessarily limited to the following:

  a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

  c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

  d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

  e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

  g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

  h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

154.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

155.    The conduct, action, and inaction of Defendant Experian was willful, entitling Plaintiff to

damages under 15 U.S.C. § 1681(n).

156.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

**SEVENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

157.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

158.     This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

159.     Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

160.     Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

      a.     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.     The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

      c.     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

      d.     The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

      e.     The continual placement of inaccurate information into the credit report of

Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

161.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

162.   The conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o)

163.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

164.   **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### EIGHTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

165.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

166.   This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et*

*seq.*

167.    Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

168.    Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

169.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

170.    The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

171.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

172.    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**NINTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

173.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

174.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

175.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

176.    Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to  comply with the FCRA includes but is not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff

after a reasonable request by Plaintiff;

c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

177.   As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

178.   The conduct, action, and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

179.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## **TENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

180.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein with the same force and effect as if the same were set forth at length herein.

181.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

182.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

183.    Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

184. As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

185. The conduct, action, and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

186. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

### ELEVENTH CAUSE OF ACTION
#### Violations of the Fair Credit Reporting Act
#### Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Transunion

187. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

188. This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

189. Transunion negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

190. Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding Plaintiff after a

reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

191.    As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

192.    The conduct, action, and inaction of Transunion was negligent, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o)

193.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

194.    **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against

Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## TWELFTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Transunion

195.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

196.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

197.    Transunion willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

198.    Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

199.  As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

200.  The conduct, action, and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

201.  Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

202.  **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRTEENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Transunion

203.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

204.  This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

205.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

206.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

207.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

208.    The conduct, action, and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

209.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**FOURTEENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Transunion**

210.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

211.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

212.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

213.    Defendant Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which

Transunion had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

214.  As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

215.  The conduct, action, and inaction of Defendant Transunion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

216.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## **DEMAND FOR TRIAL BY JURY**

217.  Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** February 5, 2024                    Respectfully submitted

                                   JAFFER & ASSOCIATES PLLC

                                   /s/ *Shawn Jaffer*
                                   **Shawn Jaffer**
                                   State Bar No. 24107817
                                   5757 Alpha Rd., Ste 580
                                   Dallas, Texas 75240
                                   Tel:    (469) 589-5605
                                   Fax:    (469) 669-0786
                                   Email: wdtx@jaffer.law
                                   *Attorneys for Plaintiff*